## THE INHABITANTS OF BOSTON
*v.*
## THE INHABITANTS OF YORK.

If an action of *assumpsit,* in which the *ad damnum* exceeds seventy dollars, be brought into the Supreme Judicial Court by a fictitious demurrer, and upon trial the plaintiff recover less than twenty dollars; the plaintiff shall have judgment for his costs to the amount of *one quarter* of the damage recovered, under *Stat.* 1807. *ch.* 123. And the defendant shall have a separate judgment for his costs on the appeal, under *Stat.* 1817. *ch.* 185. And in such case of fictitious demurrer the Court will not certify " *that there was reasonable cause for such appeal.*"

*Assumpsit.* The *ad damnum* in the plaintiffs' writ was laid at more than *seventy* dollars; and the action was brought from the Common Pleas into this Court by appeal from a judgment rendered *pro forma* upon a fictitious demurrer, the plaintiffs being appellants. On trial here, the plaintiffs had a verdict of *thirteen* dollars.

*Emery,* for the defendants, now moved for judgment for their costs on the appeal, pursuant to *Stat.* 1817. *ch.* 185. *sec.* 2. which provides that " in any personal action where the demands for " debt or damage shall exceed the sum of seventy dollars, if the " plaintiff in such action shall appeal to the Supreme Judicial

" Court, and, upon the trial of such appeal, shall not recover
" more than seventy dollars, he shall not be entitled to his costs
" on the appeal, but the defendant shall be entitled to his costs,
" and shall have a separate judgment and execution therefor,"
&c. " *provided however*, that if the Supreme Judicial Court shall
" certify that there was reasonable cause for such appeal, the
" plaintiff may thereupon recover his costs of the appeal."

*Longfellow*, for the plaintiffs, opposed the motion, and applied
for a certificate that there was reasonable cause for the appeal,
under the *proviso* in the same section.

Mellen, C. J. delivered the opinion of the Court, as follows.

It was the design of the Legislature to prevent unnecessary
appeals, where substantial justice had been done in the Court
below. The statute seems to contemplate those cases only
where there might have been a fair and full trial on the merits
in *that Court*; but in which the plaintiff might be dissatisfied with
the judgment. In the cases of *Turner v. Carsley*, [*ante.* p. 15.]
and *Lunt v. Knight*, [*ante* p. 17.] we have decided that if, after
such *fair* and *full trial*, the *defendant* obtains a verdict in the
Common Pleas, and on appeal to this Court the *plaintiff* obtains
one in his favour, this is proof of reasonable cause of appeal.—
He could not obtain justice without appealing. But the plain-
tiff cannot lay the foundation of a reasonable cause of appeal
merely by witholding proof, and suffering a verdict to be return-
ed against him in the Court below. Nor can he, for the same
reason, create this reasonable cause by his own act in demur-
ring to a good plea and then appealing from the judgment;
though with the consent of the defendant that the demurrer
should be waived and issue joined in this Court. If we should
give this construction to the statute, it would not only be express-
ly against its language, but would defeat its intended effect, by
allowing parties to bring all actions to trial in this Court without
the peril of costs which the statute has provided. It is our duty
to aid the legislature by giving that construction which must
have been intended by those who framed the law. The prin-
ciple, on which the Court proceeded in the case of *Weightman v.
Hastings*, 4 *Mass.* 244. is very similar to that on which we de-
cide this point; although the questions have arisen upon differ-
ent statutes. The Court observed that it was " absurd to say

" that the parties may, by their agreement, evade a positive and
" very wholesome provision of a statute. It would be to *make*
" law, and not to *explain* or *administer* it."

We are unanimously of opinion that the plaintiffs are not
entitled to a certificate as prayed for. There must be judg-
ment for the plaintiffs for their costs to the amount of one quar-
ter part of the sum they have recovered in damages, it being
less than twenty dollars, pursuant to *Stat.* 1807 *ch.* 123. and
the defendants must have a special judgment for their costs on
the appeal.

*Note.* The *Stat.* 1817. *ch.* 185. is now repealed so far as it respects this
State; but the Statute passed *Feb.* 4. 1822, establishing a Court of Common
Pleas, contains a provision that when an appeal shall be made by the plain-
tiff " in any personal action, (except actions of tresspass *quare cl. fregit,* and ac-
" tions of replevin wherein the value of the property replevied shall by the
" finding of the jury exceed one hundred dollars,) and he shall not recover
" more than one hundred dollars debt or damage, he shall not recover any
" costs after such appeal, but the defendant shall recover his cost on such
" appeal against the plaintiff, and shall have a separate judgment therefor;
" and in case such appeal was made by the defendant, and the debt or dam-
" ages recovered in the Court of Common Pleas shall not be reduced, the
" plaintiff shall be entitled to recover double costs on the appeal." But it
does not provide for the case where the plaintiff, *having reasonable cause to
appeal,* recovers less than a hundred dollars.